Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
Theresa M. Santos, Esq.
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Las Vegas, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297

Attorneys for Plaintiff, Danielle Rezendes

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANIELLE REZENDES,<br><br>    Plaintiff,<br><br>vs.<br><br>MOMOCOLV-MB, LLC (Milk Bar at the Cosmo) a Foreign Limited Liability Company; AND DOES 1-50, inclusive,<br><br>    Defendants. | **Case No.:** 2:21-cv-00685<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL**) |

COMES NOW, Plaintiff, Danielle Rezendes (herein "Ms. Rezendes" or "Plaintiff") and files this civil action against Defendants and each of them, for violations of The American with Disabilities Act, 42 U.S.C. §12112 et seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction and venue over this action pursuant to The Americans with Disabilities Act, 42 U.S.C. §12112 et seq., which confers original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

///

///

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Ms. Rezendes has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 29 U.S.C. §12112 et seq. have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Ms. Rezendes instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated January 26, 2021. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

## PARTIES

## PLAINTIFF

8. Plaintiff, Danielle Rezendes, was a qualified/eligible "employee" of Defendant, MOMOCOLV-MB, LLC (Milk Bar at the Cosmo)., within the meaning of The American with Disabilities Act, 42 U.S.C. §12112 et seq., and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; the Nevada Pregnancy Discrimination Act under NRS 613.4353 et seq; and related claims under Nevada law.

**DEFENDANTS**

9. Defendant, MOMOCOLV-MB, LLC (Milk Bar at the Cosmo), (hereinafter "Milk Bar" or "Defendant") is a foreign corporation qualified to do business in Nevada. Milk Bar employs fifteen or more employees and is an "employer" within the meaning of The American with Disabilities Act, 42 U.S.C. §12112 et seq. and Nevada Revised Statutes §§ 608.010 and 613.010 et seq.; the Nevada Pregnancy Discrimination Act under NRS 613.4353 et seq and related claims under Nevada law. Defendant is located in the Cosmopolitan in Las Vegas, Nevada.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Ms. Rezendes at this time, who therefore sues said Defendants by such fictitious names. Ms. Rezendes is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Ms. Rezendes will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

11. Ms. Rezendes is informed and believes, and thereon alleges, that at all times herein mentioned, the Milk Bar named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in so doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

**STATEMENT OF FACTS**

12. Ms. Rezendes is a 28-year-old female. She is a former employee of the Milk Bar, where she worked as a Front of the House Person (Customer Service) employee. Ms. Rezendes was employed by the Milk Bar from approximately March 2019 to January 14, 2020.

13. Milk Bar is a candy bar in the Cosmopolitan Casino.

14. In March of 2019, Ms. Rezendes was hired as a Front of the House Person (Customer Service). She performed her job satisfactorily until she was constructively discharged on January 14, 2020.

15. In September of 2019, Ms. Rezendes found out that she was pregnant, and she notified the General Manager Kris Asakawa ("General Manager") and all other managers of her pregnancy.

16. Ms. Rezendes began to suffer pregnancy related issues and was advised by her physician of her disability.

17. Ms. Rezendes provided a doctor's note asking for accommodation for the problem pregnancy which she provided to the General Manager. Instead of providing an accommodation, the General Manager sent her several emails stating that he did not care about her pregnancy and retaliated by reducing her hours at work.

18. In November 2019, Ms. Rezendes complained to human resources of Defendant's failure to accommodate her and of the reduction of her hours of work due to her disability and/or retaliation. Human resources told her that it would investigate but did not address the reduction of hours. However, human resources did require the General Manager to take a Nevada Employee Pregnancy class.

19. In mid-December 2019, Defendant hired Michelle Mumar ("hereinafter Ms. Mumar") as the new general manager. Ms. Rezendes met with Ms. Mumar and asked her for an accommodation as she was hypoglycemic due to her pregnancy. Ms. Rezendes was passing out while at work and she provided Ms. Mumar a doctor's note requesting that she be provided with breaks while on-duty in order to eat more often. The Milk Bar denied Ms. Rezendes' request.

20. In late-December 2019, Ms. Rezendes filed a complaint with human resource representatives Laura Bran and Antionette Matera related to Defendant's failure to accommodate. Plaintiff did not receive a response to her complaint.

21. Jessica Kim, a manager, told Plaintiff in front of other employees that she was useless as an employee because she was pregnant. Other managers shunned Plaintiff while at work.

22. On January 14, 2020, Defendant constructively discharged Plaintiff.

23. The despicable tactics of the Milk Bar caused a substantial burden to Ms.

Rezendes' rights and caused her to suffer significant emotional distress, embarrassment, and humiliation, in addition to financial loss.

### COUNT I

### INTERFERENCE AND DISCRIMINATION WITH AMERICANS WITH DISABILITIES ACT
Americans with Disabilities Act (42 U.S.C. §12101 et seq.)
NV Rev. Stat. §613.330 *et seq*.
(Against All Defendants)

24. Ms. Rezendes hereby incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. At all times material hereto, Ms. Rezendes was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) 42 USC 12111(4)).

26. At all times material hereto, Ms. Rezendes was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

27. Ms. Rezendes was a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

28. Ms. Rezendes' problem pregnancy was a physical impairment that substantially limited one or more major life activities.

29. The Milk Bar was aware that Ms. Rezendes suffered from a pregnancy related disability as managers and human resources were provided with the doctor's note stating the disability and requesting an accommodation.

30. Ms. Rezendes' disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in the Milk Bar's decision to not accommodate her disability, forcing her to be constructively discharged from employment.

31. The actions of the Milk Bar were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Ms. Rezendes.

//
//
//

32. As a direct and proximate result of the Milk Bar's violation of Ms. Rezendes' rights as alleged, Ms. Rezendes' terms, conditions, and privileges of employment were adversely affected.

33. As a direct and proximate result of the Milk Bar's wrongful acts and omissions, Ms. Rezendez has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

34. Ms. Rezendes requests relief as described in the Prayer for Relief below.

## COUNT II

### DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330** *et seq.*
**(Against All Defendants)**

35. Ms. Rezendes hereby incorporates paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. The Americans with Disabilities Act, 42 U.S.C. §12101, et. seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." (42 U.S.C. §12112).

37. Ms. Rezendes had a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

38. Ms. Rezendes was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. At all times during her employment, Ms. Rezendes satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

39. Ms. Rezendez was covered by the Americans with Disabilities Act, with Amendments Act (ADA-AA). Specifically, MS. Rezendes' pregnancy related disability necessitated accommodations while she worked.

40. Due to her actual disability under the ADA-AA, Ms. Rezendes required a reasonable accommodation that would allow her to meet these necessities. Such reasonable accommodations were available and continuing to allow Ms. Rezendes her accommodation would not have constituted an undue hardship on the operation of the Milk Bar's business.

41. Ms. Rezendes requested a reasonable accommodation.

42. The Milk Bar informed Ms. Rezendes that they refused to accommodate her disability and in retaliation for requesting an accommodation, lowered her hours.

43. The Milk Bar did not engage in the interactive process in good faith.

44. The Milk Bar refused several occasions to accommodate Ms. Rezendes' request for accommodation of her disability. The Milk Bar's unlawful discrimination against Ms. Rezendes included failing to accommodate her disability.

45. The Milk Bar, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of the Milk Bar as described above, thereby ratifying the unlawful conduct of its agents or supervisors. The Milk Bar's actions were intentional, willful, malicious and/or done with reckless disregard for Ms. Rezendes' federally protected rights.

46. MS. Rezendes requests relief as described in the Prayer for Relief below.

//

//

## COUNT III
## PREGNANCY DISCRIMINATION – FAILURE TO ACCOMMODATE

### NV Rev. Stat. §613.330 et seq. and 613.4353 et seq.

47. Ms. Rezendes hereby incorporates paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. The subjection of Ms. Rezendes to disparate treatment and adverse employment actions by defendants in whole or substantial part because of Plaintiff's sex (female) was in violation of NRS 613.330 et seq.

49. The Nevada Pregnant Workers' Fairness Act, NRS 613.4353, et seq. provides that it is an unlawful employment practice for an employer to refuse to provide a reasonable accommodation to a female employee for a condition relating to pregnancy, childbirth, or a related medical condition.

50. NRS §613.4371 et seq. provides that, upon a request by an employee for an accommodation relating to pregnancy, childbirth or a related medical condition, the employer and employee must engage in a timely, good faith and interactive process to determine an effective, reasonable accommodation for the employee.

51. NRS 281.755(1) requires employers to provide an employee who is the mother of a child under 1 year of age with reasonable break time for the employee to express breast milk as needed as well as a place that is reasonably free from dirt of pollution, protected from the intrusion by others where Ms. Rezendes may express breast milk.

52. Ms. Rezendes was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  At all times during Ms. Rezendes' employment, Ms. Rezendes satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

53. Specifically, Ms. Rezendes' pregnancy was a physical condition that substantially limited her in the major life activities of, inter alia, carrying out the job duties for the employer.

54. Due to pregnancy, Ms. Rezendes required a reasonable accommodation to assist with fulfilling employment obligations. Such reasonable accommodations were available and would not have constituted an undue hardship on the operation of the Milk Bar's business.

55. Ms. Rezendes' pregnancy was a factor that made a difference in Milk Bar's decision to refuse to accommodate.

56. The Milk Bar never engaged in the interactive process with Ms. Rezendes to evaluate and determine whether or to what degree she needed additional accommodations and instead was constructively discharged.

57. The actions of Milk Bar were malicious, intentional, and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Ms. Rezendes.

58. As a direct and proximate result of Milk Bar's violation of Ms. Rezendes' rights as alleged, her terms, conditions, and privileges of employment were adversely affected, and she was improperly terminated.

59. As a direct and proximate result of Milk Bar's wrongful acts and omissions, Ms. Rezendes has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of Ms. Rezendes' choice.

60. Milk Bar, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Milk Bar as described above thereby ratifying the unlawful conduct of its agents or supervisors.

61. Milk Bar's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for her statutorily protected rights.

62. Milk Bar's conduct as alleged herein constitutes discrimination based on pregnancy and in violation of the Nevada Pregnant Workers' Fairness Act; the stated reasons for the Milk Bar's conduct were not the true reasons, but instead were pretext to hide the Milk Bar's discriminatory animus.

//

63. As a result of Milk Bar's conduct, Ms. Rezendes has sustained damages and requests relief as described in the Prayer for Relief below.

## COUNT IV

### PREGNANCY DISCRIMINATION – RETALIATION
### NV Rev. Stat. §613.330 et seq. and 613.4353 et seq.

64. Ms. Rezendes hereby incorporates paragraphs 1 through 63 of this Complaint as though fully set forth herein.

65. The subjection of Ms. Rezendes to disparate treatment and adverse employment actions by Milk Bars in whole or substantial part because of Ms. Rezendes' sex (female) was in violation of NRS 613.330 et seq.

66. The Nevada Pregnant Workers' Fairness Act, NRS 613.4353, et seq. provides that it is an unlawful employment practice for an employer to take an adverse employment action against a female employee because the employee requests or uses a reasonable accommodation for a condition of the employee relating to pregnancy, childbirth, or a related medical condition.

67. Ms. Rezendes was a pregnant woman. At all times during the employment, Ms. Rezendes satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

68. Ms. Rezendes was covered by the Nevada Pregnant Workers' Fairness Act. Specifically, Ms. Rezendes' pregnancy limited her in the major life activities due to complications with her pregnancy.

69. Due to Ms. Rezendes' actual condition relating to pregnancy, she required a reasonable accommodation to assist with fulfilling employment obligations once she returned to work. Such reasonable accommodations were available and would not have constituted an undue hardship on the operation of the Milk Bar's business.

70. The Milk Bar retaliated against Ms. Rezendes by constructively discharging her by lowering her hours and ignoring her requests for accommodation.

//

71. Ms. Rezendes' pregnancy was a motivating factor for Milk Bar's decision to constructively discharge her from employment.

72. Ms. Rezendes was subjected to the adverse employment action described herein because of requesting a reasonable accommodation. Milk Bar reacted by depriving Ms. Rezendes of rights and benefits under the Nevada Pregnant Workers' Fairness Act (NRS 613.4353 et seq.) by terminating Ms. Rezendes' employment.

73. Ms. Rezendes was subjected to the adverse employment action described herein because of her participation in the protected activity and the adverse employment action would not have occurred but for that participation.

74. As a direct and proximate result of the Milk Bar's willful, knowing, and intentional discrimination and retaliation against Ms. Rezendes, she has suffered and will continue to suffer pain, humiliation, and emotional distress.

75. Ms. Rezendes has suffered and will continue to suffer a loss of earnings, other employment benefits, and job opportunities. Ms. Rezendes is thereby entitled to general and compensatory damages in amounts to be proven at trial.

76. The Milk Bar intentionally, voluntarily, deliberately, and willfully discriminated against Ms. Rezendes by depriving of or interfering with Ms. Rezendes' rights and benefits under the Nevada Pregnant Workers' Fairness Act (NRS 613.4353 et seq.).

77. Ms. Rezendes' pregnancy was either the sole reason or a substantial motivating factor for Milk Bar's decision to adversely affect Ms. Rezendes' employment and ultimately constructively discharge of the Ms. Rezendes.

78. The Milk Bar, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Milk Bar as described above, thereby ratifying the unlawful conduct of its agents or supervisors.

79. Milk Bar's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Ms. Rezendes' statutorily protected rights.

80. As a result of the Milk Bar's conduct, Ms. Rezendes has sustained damages and requests relief as described in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Ms. Rezendes prays that this Court grant the following relief:

1. Grant economic loss including front and back pay, plus interest;
2. Grant compensatory damages according to proof;
3. Grant punitive damages;
4. Reasonable attorneys' fees pursuant to 42 U.S.C. § 12112 et seq. and other applicable statutes;
5. Grant costs of suit incurred herein; and
6. Grant such other and further relief as the court deems just and proper.

DATED this 26th day of April 2021.

           Respectfully Submitted,

           WATKINS & LETOFSKY, LLP

           */s/  Daniel Watkins*
By:   _____
           Daniel R. Watkins, Esq.
           Theresa M. Santos, Esq.
           8935 S. Pecos Rd., Ste. 22A
           Henderson, NV 89074
           Attorneys for Plaintiff, Danielle Rezendes

## **REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b), Ms. Rezendes demands a trial by jury in this action on all issues so triable.

DATED this 26th day of April 2021.          Respectfully Submitted,

WATKINS & LETOFSKY, LLP

By:  */s/  Daniel Watkins*
     _____
     Daniel R. Watkins, Esq.
     Theresa M. Santos, Esq.
     8935 S. Pecos Rd., Ste. 22A
     Henderson, NV 89074
     Attorneys for Plaintiff, Danielle Rezendes

# Exhibit 1

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Danielle Rezendes
1159 Clarie Rose Ave.
Las Vegas, NV 89183

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2020-00565 | Karrie L. Maeda, State, Local & Tribal Program Manager | (213) 785-3002 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Rosa M. Viramontes,
District Director

January 26, 2021
(Date Mailed)

Enclosures(s)

cc: Agatha Toring
Manager
MILK BAR AT THE COSMO
3708 S Las Vegas Blvd
Eastside Tower, Level 2
Las Vegas, NV 89109