UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIELLE REZENDES, | Case No. 2:21-cv-00685-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| MOMOCOLV-MB, LLC<br>*doing business as*<br>*Milk Bar at the Cosmo* | |
| Defendant. | |

### I. INTRODUCTION

Before the Court are three motions: Plaintiff Danielle Rezendes's Motion for Default Judgment, ECF No. 11, and Defendant MomocoLV-MB, LLC's Cross-Motion to Set Aside and Vacate the Entry of Default, ECF No. 12, and Motion to Compel Arbitration, ECF No. 18.

For the reasons discussed below, Plaintiff's Motion for Default Judgment is denied, Defendant's Cross Motion to Set Aside and Vacate the Entry of Default is granted, and Defendant's Motion to Compel Arbitration is granted.

### II. PROCEDURAL HISTORY

On April 26, 2021, Plaintiff filed her Complaint against Defendant, alleging disability and employment discrimination and constructive discharge due to her pregnancy in violation of, inter alia, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 and Nevada Revised Statute § 613.330. ECF No. 1. Two days later, Plaintiff served summons on Defendant by serving "a person of suitable age and discretion, of the office of C T CORPORATION SYSTEM, registered agent for MOMOCOLV-MB, LLC (Milk Bar at the Cosmo) a Foreign Limited Liability

Company." ECF No. 6. Defendant, including its counsel, assert that they did not become aware of the lawsuit until September 2021. ECF No. 12 at 2; ECF No. 13 at 2. Plaintiff maintains that she properly served Defendant. ECF No. 19 at 2; ECF No. 19-2 at 2. On May 28, 2021, after Defendant failed to answer the Complaint, Plaintiff filed, although incorrect in form, a Motion for Entry of Clerk's Default against Defendant. See ECF Nos. 7, 8.

Almost two months later, on July 21, 2021, Plaintiff filed a corrected Motion for Entry of Clerk's Default against Defendant. ECF No. 9. Accordingly, the Clerk of the Court entered default against Defendant on August 9, 2021. ECF No. 10. In September 2021, coinciding with the time Defendant asserts it became aware of Plaintiff's lawsuit, the parties began informally discussing a potential settlement, Plaintiff's pending Motion for Default Judgment, and arbitration. ECF No. 19 at 2. The settlement discussions were not successful. Id. On January 5, 2022, as part of the last step for obtaining a Default Judgment against Defendant, Plaintiff filed a Motion for Default Judgment. ECF No. 11. Two weeks later, on January 19, 2022, Defendant filed a Cross-Motion to Set Aside and Vacate the Entry of Default and opposed Plaintiff's Motion for Default Judgment. ECF No. 12. A response and reply to Defendant's Cross Motion and opposition followed. ECF Nos. 16, 17.

On February 28, 2022, Defendant filed a Motion to Compel Arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4. ECF No. 18. A response and reply to Defendant's motion were filed. ECF Nos. 19, 20.

This Order follows.

### III. LEGAL STANDARD

#### a. Default Judgment

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is entry of a default judgment under Rule 55(b), a

decision which lies within the discretion of the court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

The entry of default is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the complaint. Fed. R. Civ. P. 55(a). Defaults are generally disfavored, Eitel, 782 F.2d at 1472, and courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits." See McMillen v. J.C. Penney Co., Inc., 205 F.R.D. 557, 558 (D. Nev. 2002) (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)).

Federal Rule of Civil Procedure 55(c) allows for an entry of default to be set aside for "good cause." In analyzing whether "good cause" exists, courts consider three factors. United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). First, "whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default." Id. "A defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and intentionally failed to answer." Id. at 1092. Second, "whether [it] had [no] meritorious defense." Id. at 1091. To have a meritorious defense, a defendant needs to only "allege sufficient facts that, if true, would constitute a defense." Id. at 1094. Third, "whether reopening the default judgment would prejudice the other party." Id. Setting aside the entry of a default judgment "must result in greater harm than simply delaying resolution of the case." Id. at 1095. Consideration of these factors is "disjunctive, such that a finding that any one of the[m] [] is true is sufficient reason for the district court to refuse to set aside the default" Id. at 1091.

      b. *Motion to Compel Arbitration*

The FAA provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA provides two methods for enforcing arbitration: (1) an order compelling arbitration of a dispute; and (2) a stay of pending litigation raising a dispute referable to arbitration. Id. §§ 3, 4.

"By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). "Section 2 of the FAA requires courts to enforce agreements to arbitrate according to their terms, in order to place an arbitration agreement upon the same footing as other contracts and to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate." O'Conner v. Uber Technologies, Inc., 904 F.3d 1087, 1093 (9th Cir. 2018) (internal quotations and citations omitted). When deciding whether the parties agreed to arbitrate a certain matter, courts generally apply ordinary state law principles of contract interpretation. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

Lastly, section 3 of the FAA provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. 9 U.S.C. § 3. Although the statutory language supports a mandatory stay, the Ninth Circuit has interpreted this provision to allow a district court to dismiss the action. See Sparling v. Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir. 1988). A request for a stay is not mandatory. Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978).

### IV. DISCUSSION

#### a. Entry of Default and the Motion for Default Judgment

The Court first addresses Defendant's Cross Motion to set aside the entry of default. For the reasons discussed below, it concludes that there is good cause to set aside the default against Defendant.

First, Plaintiff asserts that Defendant engaged in culpable conduct responsible for the default. Specifically, Defendant failed to respond to Plaintiff's Complaint and its two Motions for Entry of Clerk's Default, and that there is no indication, nor has Defendant suggested, that service was improper. Thus, Plaintiff asserts, Defendant's failure to respond was willful and deliberate, engaging in culpable conduct. The Court disagrees. Defendant has presented credible reasons for its failure to respond to these motions and further asserts that the parties were in negotiations.

Plaintiff does not dispute that the parties were in negotiations for the period referenced by Defendant. This factor, thus, weighs in Defendant's favor.

Second, Plaintiff contends that Defendant does not have any meritorious defense to assert against her claims. She asserts, for instance, that Defendant's management online social media publications contradict Defendant's proffered defense that as an employment site, it lacks the requisite number of employees required to fall under the scope of the ADA. Plaintiff also contends that any defense that she is subject to arbitration fails because Defendant did not provide her with the arbitration agreement documents. Plaintiff's arguments miss the mark. The Court assesses Defendant's meritorious defenses by assessing whether Defendant has alleged facts that create "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Tr. Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Here, the Court finds that Defendant has done so. This includes that: Defendant provided Plaintiff with reasonable accommodations; Plaintiff was not terminated and did not suffer any other adverse employment action; and Defendant, as an employment site, does not satisfy the ADA or Nevada law's fifteen employee minimum requirement to be liable for violations under those statutes. Thus, this factor also weighs in Defendant's favor.

Lastly, Plaintiff argues that she will be prejudiced if the Court sets aside the default because her ability to pursue her claims will be hindered. This is because Plaintiff anticipates that, based on Defendant's non-cooperative behavior during settlement discussions, Defendant will be similarly uncooperative during discovery. The Court finds these concerns to be speculative and unpersuasive. Moreover, the Court does not find that the delays caused during this time have delayed resolution of the case or have caused Plaintiff prejudice. See Mesle, 615 F.3d at 1095. As such, this factor also weighs in Defendant's favor.

For the reasons stated, the Court finds "good cause" exists to set aside the entry of default against Defendant. Accordingly, Plaintiff's Motion for Default Judgment also fails. See Aldabe v. Aldabe, 616 F.2d at 1092 (discussing the two-step process for obtaining default judgment, including the first step's requirement to obtain an entry of default).

b. *Defendant's Motion to Compel Arbitration*

The Court now addresses Defendant's Motion to Compel Arbitration. See S. California Dist. Council of Laborers v. Berry Const., Inc., 984 F.2d 340, 344 (9th Cir. 1993) (providing that "the courts will be divested of [the] authority [to resolve the parties' dispute] if the parties 'clearly and unmistakably provide' that an arbitrator is to decide whether a dispute is subject to arbitration.").

Defendant contends that Plaintiff, as part of her employment agreement with Defendant, agreed to arbitrate employment related disputes through arbitration proceedings pursuant to a "Mutual Arbitration Agreement." The undisputed agreement states in relevant part that

> [e]xcept as otherwise provided in this Agreement, you and the Company agree to settle by final and binding arbitration the following claims and controversies ("Arbitrable Claims") arising out of or relating to your employment by the Company that the Company may have against you or that you may have against the Company or any of its affiliates, subsidiaries or parent companies, or against any past or present owner, officer, director, manager, supervisor, associate, employee, consultant or agent of the Company or any of its affiliates, subsidiaries or parent companies in their capacity as such or otherwise: (a) any claim involving conduct alleged to be in violation of local, state or federal statutory or common law (including, but not limited to, any claim of breach of contract, <u>unlawful discrimination</u>, harassment or retaliation, violation of wage-hour law, trade secrets, unfair competition, compensation, breaks and rest periods); and (b) <u>any claim arising out of or relating to the ending of your employment with the Company</u>.

ECF No. 18-1 at 5. (emphases added).

The Court finds that Plaintiff's claims must be arbitrated. In brief, the Complaint's disability and discrimination-based allegations concerning her pregnancy all arise from her employment with Defendant. Thus, the Court concludes that Plaintiff's federal and state law causes of action are arbitrable. Plaintiff's arguments contending otherwise lack merit.

Plaintiff argues that Defendant waived its right to arbitrate Plaintiff's claims when the Court entered default against Defendant on August 9, 2021, as entry of the default amounted to Defendant conceding liability. The Court disagrees. Like any other contract right, the right to arbitration can be waived. United States v. Park Place Assocs., Ltd., 563 F.3d 907, 921 (9th Cir.

2009). That said, "[a] party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986). "Waiver of a right is distinct from forfeiture of a right." Park Place Assocs., 563 F.3d at 921. A "waiver is the intentional relinquishment or abandonment of a known right, whereas forfeiture is the failure to make the timely assertion of that right." Id. at 921 n.10 (brackets and internal quotation marks omitted). As the right to arbitrate is a contractual one, waivers of the right to arbitrate are disfavored, and "any party arguing waiver . . . bears a heavy burden of proof." Id.

Here, as Plaintiff contends, Defendant indeed knew that it had the right to compel arbitration; thus, the first waiver factor is satisfied. Plaintiff's arguments as to why the other factors are satisfied, however, lack merit. Plaintiff asserts first that Defendant acted inconsistent with the right to arbitrate because of its failure to answer Plaintiff's Complaint and respond to her Motions for Entry of Clerk's Default. Plaintiff, however, admitted that, after the Clerk of the Court entered default against Defendant in August 2021, she engaged in settlement discussions where Defendant discussed the possibility of arbitration. According to Defendant, it was unaware of the lawsuit, and that its discussions with Plaintiff continued until January 2022, coinciding with the month that Plaintiff filed her instant Motion for Default Judgment. Plaintiff has not presented evidence to dispute Defendant's position. Thus, the Court does not find that Plaintiff has met its burden showing Defendant engaged in "acts inconsistent with that existing right" to arbitrate. The Court therefore grants the Motion to Compel Arbitration.

### V. CONCLUSION

**IT IS ORDERED** that Plaintiff Danielle Rezendes's Motion for Default Judgment (ECF No. 11) is DENIED.

**IT FURTHER ORDERED** that Defendant MomocoLV-MB, LLC's Cross Motion to Set Aside and Vacate the Entry of Default (ECF No. 12) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant MomocoLV-MB, LLC's Motion to Compel Arbitration (ECF No. 18) is GRANTED.

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice and remanded to arbitration pursuant to the invocation of the arbitration clause between the parties.

The Clerk of the Court is instructed to close the case.

**DATED:** September 26, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**